Lawrence Spasojevich (LS 1029)
Aidala, Bertuna & Kamins, P.C.
*Attorneys for Plaintiff*
546 5th Avenue
New York, New York 10036
Tele:   (212) 486-0011
Email: ls@aidalalaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PATRICK GEORGE,

                      CASE NO.   1:22-cv-10057

        Plaintiff,             **COMPLAINT**

-against-

WALGREEN CO.

                      ECF Case,

        Defendant(s).

---

Plaintiff, PATRICK GEORGE, on behalf of Plaintiff, by and through the undersigned attorney, Lawrence Spasojevich, Esq., hereby files this Complaint against Defendant(s) WALGREEN CO. and states as follows:

## INTRODUCTION

1.    Plaintiff alleges that, under 29 U.S.C. § 2615(a), Defendant interfered with Plaintiff exercising his rights under the Family Medical Leave Act (hereinafter "FMLA") by refusing to grant Plaintiff FMLA leave and, therefore, is entitled to recover from Defendant: (1) statutory damages for lost wages, benefits, and other compensation, plus interest at the statutory rate; (2)

liquidated damages equal to the amount of statutory damages award above; (3) equitable relief in the form of front pay, as considered by the Court; (4) equitable relief in the form of compensable damage for pain, suffering, and loss as a result of Defendant's violations; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §2615(a)(2), 28 U.S.C. §§ 1331, 1332, 1337 and 1343.

3.      Venue is proper in the SOUTHERN DISTRICT pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

4.      Plaintiff, PATRICK GEORGE, is an adult resident of Bronx County, New York.

5.      Upon information and belief, Defendant, WALGREEN CO., is a domestic business corporation, organized and existing under the laws of the State of New York, with a place of business located at 3901 White Plains Rd., Bronx, NY 10466.

6.      Defendant was an employer within the meaning of § 101(4) of the FMLA, 29 U.S.C. § 2611(4), as amended, employing over fifty (50) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or proceeding calendar year.

7.      At all times relevant herein, Plaintiff had worked for more than twelve (12) months and more than 1,250 hours in the immediately prior twelve (12) months for Defendant.

8.      Plaintiff, thus, was an "eligible employee" of Defendant within the meaning of § 101(2) of the FMLA, 29 U.S.C. § 2611(2), as amended, and was an employee of Defendant who was entitled to leave under § 102(a)(1)(d) of the FMLA, 29 U.S.C. § 2612(a)(1)(D), as amended.

**STATEMENT OF FACTS**

9.      Plaintiff began working for Defendant on or about November 12, 2001, as a full-time employee.

10.     Plaintiff remained a full-time employee for the duration of his employment with Defendant.

11.     Plaintiff worked four days per week: Monday, Wednesday, Thursday, and Saturday.

12.     In general, on Wednesdays Plaintiff worked from 8:00AM until 4:00PM.

13.     In general, on Mondays, Thursdays, and Saturdays, Plaintiff worked from 4:00PM until 11:00PM.

14.     On or about February 6, 2022, Plaintiff began a scheduled vacation that was scheduled to end on or about February 15, 2022.

15.     On or about February 8, 2022, Plaintiff was diagnosed with an abscess on his buttocks which required surgery and was rushed to Montefiore Wakefield Campus located at 600 East 233rd Street Bronx, NY 10466.

16.     On or about February 9, 2022, Plaintiff notified his supervisor that he required surgery.

17.     On February 10, 2022, Plaintiff underwent a second procedure in relation to the abscess.

18.     On February 10, 2022, Plaintiff notified his supervisor that he had requested medical leave and had undergone another procedure.

19.     Plaintiff remained hospitalized for approximately three (3) days. While in the hospital, Plaintiff began having chest pains and was administered morphine.

20.     Subsequent to his discharge from the Montefiore Wakefield Campus, Plaintiff's chest pains resumed.

21.     At this point, Plaintiff endured a series of approximately seven (7) hospital visits related

to his chest pains. Each time, Plaintiff would stay several days in the hospital, get discharged,

and be forced to return because of the pain.

22.     On or about March 15, 2022, Plaintiff went to Einstein Hospital located at 1825

Eastchester Rd, Bronx, NY  10461.

23.     On February 15, 2022, Plaintiff notified his supervisor that he was still in the hospital and

would likely be transferred into further care in relation to the wound and his pain.

24.     During Plaintiff's time in Einstein Hospital, he was also diagnosed with gastroparesis.

Upon information and belief, this condition was connected to his diabetes and was becoming

inflamed due to pain medication.

25.     Plaintiff continued to undergo treatment which rendered him unable to contact him

employer any further.

26.     Upon information and belief, Defendant terminated Plaintiff on or about March 3, 2022.

27.     Plaintiff remained at Einstein Hospital until April 8, 2022.

28.     Upon his discharge from Einstein Hospital until April 8, 2022, Plaintiff learned that

Defendant had already terminated Plaintiff.

## COUNT 1
### [Violation of the Family Medical Leave Act]

29.     At all times relevant herein, Defendant was an employer within the meaning of § 101(4) of

the FMLA, 29 U.S.C. § 2611(4), as amended, employing over fifty (50) or more employees for

each working day during each of twenty (20) or more calendar workweeks in the current or

proceeding calendar year.

30.     At all times relevant herein, Plaintiff had worked for more than twelve (12) months and

more than 1,250 hours in the immediately prior twelve (12) months for Defendant.

31.     Plaintiff, thus, was an "eligible employee" of Defendant within the meaning of § 101(2) of

the FMLA, 29 U.S.C. § 2611(2), as amended, and was an employee of Defendant who was entitled

to leave under § 102(a)(1)(d) of the FMLA, 29 U.S.C. § 2612(a)(1)(D), as amended.

32.     By the various wrong actions as described above, including but not limited to denying

Plaintiff requested leave for which he was eligible and to which he was entitled under statue,

Defendant violated section 105 of the FMLA, 29 U.S.C. § 2615, as amended.

33.     Defendant's actions were willful.

34.     As a result of Defendant's wrongful conduct, Plaintiff has suffered, and will continue to

suffer, irreparable injury, lost wages and benefits, other monetary damages, mental anguish,

emotional distress, humiliation, and other compensable damages, all in amounts to be determined

at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff request that this Court grant the following relief:

An award of statutory damages for lost wages, benefits, and other compensation under the FMLA;

(a)     An award of liquidated damages equal to the amount of statutory damages awarded under the FMLA;

(b)     An award of equitable relief in the form of front pay, as considered by the Court, under the FMLA;

(c)     An award of equitable relief in the form of compensable damage for pain, suffering, and loss as a result of Defendant's violations of the FMLA;

(d)     An award of prejudgment and post-judgment interest;

(e)     An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(f)     Such other and further relief as this Court determines to be just and proper.


Dated: New York, New York
          November 28, 2022

                    Respectfully submitted


                    By: _Lawrence Spasojevich_
                         Lawrence Spasojevich (LS 1029)

Pg. 6